| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: Chief Counsel, Torts, General Law Serv.Cnte. USPS Nat. Tort Cnte 1720 Market St. – Room 2400 St. Louis, MO 63155-0948 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. Vance Bradley represented by Daniel Waide, Esq. 1300 Hardy Street Hattiesburg, MS 39401 |
|---|---|

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 04/08/1956 | married | 04/05/2020 | sunday | 1:30 PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Postal Service worker let a dog off of a chain without permission of homeowner, at which time the dog ran into the road and caused Vance Bradley to wreck his motorcycle.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

bike damaged

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Right side Broken ribs, collar bone, shoulder, collapsed-n-reflated Right Lung. Trauma to right of head, cracked eye sockets, depleted cognizant vision
Memory interference

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Becky Holton | 288 Deerpark Rd, Leakesville MS 39451 | |
| Paige Holton | 288 Deer Park Rd, Leakesville MS 39451 | |
| Mark Thompson | Deer Park Rd, Laekesville MS 39451 | |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). | |
| 10,000 | 850000 | | 860000 | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2


EXHIBIT
A

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15.** Do you carry accident insurance?  ☒ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

GEICO -Policy Number 4560-59-23-23
One GEICO Blvd
Fredericksburg, VA 22412-0003

**16.** Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No   **17.** If deductible, state amount.

**18.** If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

**19.** Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

(b) Where the General Counsel, or the General Counsel's designee, finds a claim for damage to persons or property resulting from operation of the U.S. Postal Service to be a proper charge against the United States and it is not cognizable under 28 U.S.C. 2672, he may adjust and settle it under authority of 39 U.S.C. 2603.

[45 FR 43719, June 30, 1980, as amended at 69 FR 52607, Aug. 27, 2004]

## § 912.3        Time limit for filing.

(a) *Claim.* A claim under the Federal Tort Claims Act must be presented within two years from the date the claim accrues.

(b) *Suit.* Suit must be filed within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the Postal Service.

[45 FR 43720, June 30, 1980]

## § 912.4        Place of filing.

Claims should be filed with the Tort Claims Coordinator for the Postal Service District Office where the accident occurred, but may be filed at any office of the Postal Service, or sent directly to the Chief Counsel, Torts, General Law Service Center, USPS National Tort Center, 1720 Market Street, Room 2400, St. Louis, MO 63155-9948.

[69 FR 52607, Aug. 27, 2004, as amended at 73 FR 75339, Dec. 11, 2008; 76 FR 52580, Aug. 23, 2011]

## § 912.5        Administrative claim; when presented.

(a) For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. A standard Form 95 may be obtained from the local District Tort Claims Coordinator, the National Tort Center, or online at usa.gov (select Government forms).

(b) A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to:

(1) The claimant's exercise of the option to file a civil action pursuant to 28 U.S.C. 2675(a);

(2) The Postal Service's issuance of a payment in the full amount of the claim; or

(3) The Postal Service's issuance of a written denial of the claim in accordance with § 912.9.

(c) Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the Postal Service shall have six months in which to make final disposition of the claim as amended, and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

[36 FR 12448, June 30, 1971, as amended at 45 FR 43720, June 30, 1980; 69 FR 52607, Aug. 27, 2004; 73 FR 75339, Dec. 11, 2008]

## § 912.6        Administrative claim; who may file.

(a) A claim for injury to or loss of property may be presented by the owner of the property, his duly authorized agent, or legal representative.

(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.

Code of Federal Regulations

(c) A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

(d) A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly.

(e) A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

[36 FR 12448, June 30, 1971, as amended at 45 FR 43720, June 30, 1980]

§ 912.7   Evidence and information to be submitted.

(a) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:

(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent.

(2) Decedent's employment or occupation at time of death, including monthly or yearly salary or earnings, if any, and the duration of his last employment or occupation.

(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.

(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death.

(5) Decedent's general physical and mental condition before death.

(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.

(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death.

(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

(b) *Personal injury.* In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:

(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request, provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made, or agrees to make available to the agency or another Federal agency. A copy previously or thereafter made of the physical or mental condition which is the subject matter of his claim.

(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized the report referred to in the first expenses.

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.

(4) If a claim is made for loss of time for employment, a written statement from his employment, whether he is a full- or part-time employee, and wages or salary actually lost.

(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amount of earnings actually lost.

(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

(c) *Property damage.* In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:

(1) Proof of ownership.

(2) A detailed statement of the amount claimed with respect to each item of property.

(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs.

(4) A statement listing date of purchase, purchase price and salvage value, where repair is not economical.

[36 FR 12449, June 30, 1971]

## § 912.8        Sufficiency of evidence and information submitted.

In order to exhaust the administrative remedy provided, a claimant shall submit substantial evidence to prove the extent of any losses incurred and any injury sustained, so as to provide the Postal Service with sufficient evidence for it to properly evaluate the claim.

[45 FR 43720, June 30, 1980]

## § 912.9        Final denial of claim.

(a) Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notation.

(b) Prior to the commencement of suit and prior to the expiration of the 6 month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the postal official who issued the final denial or with the Chief Counsel, Torts, General Law Service Center, USPS National Tort Center, 1720 Market Street, Room 2400, St. Louis, MO 63155-9948, for a reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration, the Postal Service shall have 6 months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. Final Postal Service action on a request for reconsideration shall be effected in accordance with this part.

(c) For purposes of this section, a request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in the office of the official who issued the final denial or in the office of the Chief Counsel, Torts, General Law Service Center, USPS National Tort Center, 1720 Market Street, Room 2400, St. Louis, MO 63155-9948.

(d) Only one request for reconsideration of a final denial may be filed. A claimant shall have no right to file a request for reconsideration of a final denial issued in response to a request for reconsideration.

(28 U.S.C. 2671-2680; 28 CFR 14.1-14.11; 39 U.S.C. 401, 409, 2008)

[36 FR 12448, June 30, 1971, as amended at 38 FR 16868, June 27, 1973; 49 FR 19478, May 8, 1984; 69 FR 52607, Aug. 27, 2004; 73 FR 75340, Dec. 11, 2008; 76 FR 52580, Aug. 23, 2011]

### § 912.10        Action on approved claims.

In any case where the General Counsel or the General Counsel's designee, upon consideration of all the evidence submitted, finds that compensation is due a claimant, payment will be made by the U.S. Postal Service and in due course a settlement check will be forwarded to the claimant or his representative.

[36 FR 12450, June 30, 1971, as amended at 69 FR 52607, Aug. 27, 2004]

### § 912.11        Exclusiveness of remedy.

The provisions of 28 U.S.C. 2679(b) provide that the remedy against the United States, as provided by sections 1346(b) and 2672 of title 28, for injury or loss or personal injury or death resulting from the operation by an employee of the Government of any motor vehicle while acting within the scope of his employment is exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

[45 FR 43720, June 30, 1980]

### § 912.12        Review by legal officers.

The authority of the Postal Service to adjust, determine, compromise, and settle a claim under the provisions of the Federal Tort Claims Act shall, if the amount of a proposed compromise, settlement, or award exceeds $5,000, be exercised only after review by a legal officer of the Postal Service.

[45 FR 43720, June 30, 1980, as amended at 69 FR 52607, Aug. 27, 2004]

### § 912.13        Attorneys' fees.

The provisions of 28 U.S.C. 2678 should be consulted in determining the amount of the attorneys' fees.

[36 FR 12448, June 30, 1971. Redesignated at 45 FR 43720, June 30, 1980]

### § 912.14        Conclusiveness of remedy.

Payment by the Postal Service of the full amount claimed or acceptance by the claimant, his agent, or legal representative, of any award, compromise, or settlement made pursuant to the provisions of the Federal Tort Claims Act, shall be final and conclusive on the claimant, his agent, or legal representative, and any other person on whose behalf or for whose benefit the claim has been presented, and shall constitute a complete release of any claim against the United States and against any employee of the Government whose act or omission gave rise to the claim by reason of the same subject matter.

[45 FR 43720, June 30, 1980]

# Code of Federal Regulations

## Title 39 - Postal Service

Volume: 1
Date: 2012-07-01
Original Date: 2012-07-01
Title: PART 912 - PROCEDURES TO ADJUDICATE CLAIMS FOR PERSONAL INJURY OR PROPERTY DAMAGE ARISING OUT OF THE OPERATION OF THE U.S. POSTAL SERVICE
Context: Title 39 - Postal Service. CHAPTER I - UNITED STATES POSTAL SERVICE. SUBCHAPTER N - PROCEDURES.

Pt. 912

## PART 912—PROCEDURES TO ADJUDICATE CLAIMS FOR PERSONAL INJURY OR PROPERTY DAMAGE ARISING OUT OF THE OPERATION OF THE U.S. POSTAL SERVICE

| Sec. | |
|---|---|
| 912.1 | Claims responsibility. |
| 912.2 | Applicability of Federal Tort Claims Act. |
| 912.3 | Time limit for filing. |
| 912.4 | Place of filing. |
| 912.5 | Administrative claim; when presented. |
| 912.6 | Administrative claim; who may file. |
| 912.7 | Evidence and information to be submitted. |
| 912.8 | Sufficiency of evidence and information submitted. |
| 912.9 | Final denial of claim. |
| 912.10 | Action on approved claims. |
| 912.11 | Exclusiveness of remedy. |
| 912.12 | Review by legal officers. |
| 912.13 | Attorneys' fees. |
| 912.14 | Conclusiveness of remedy. |
| Authority: | 28 U.S.C. 2671-2680; 28 CFR 14.1 through 14.11; 39 U.S.C. 409. |

### § 912.1     Claims responsibility.

The General Counsel is responsible for settlement of claims made against the U.S. Postal Service under the Federal Tort Claims Act and 39 U.S.C. 2603, with authority to redelegate the functions to General Counsel staff members and other Postal Service employees.

[36 FR 12448, June 30, 1971]

### § 912.2     Applicability of Federal Tort Claims Act.

(a) The provisions of chapter 171 and all other provisions of title 28, U.S.C., relating to tort claims shall apply to tort claims arising out of the activities of the Postal Service. (39 U.S.C. 409(c)).

8/4/2021                                                USPS.com® - USPS Tracking® Results

# USPS Tracking®                                                    FAQs >

## Track Another Package  +

**Tracking Number:** 70181130000211132595                          Remove ✕

Your item was delivered at 11:22 am on March 15, 2021 in SAINT LOUIS, MO 63155.

✅ **Delivered**

March 15, 2021 at 11:22 am
SAINT LOUIS, MO 63155

**Get Updates** ⌄

---

**Text & Email Updates**                                                  ⌄

---

**Tracking History**                                                       ⌄

---

**Product Information**                                                     ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.